United States District Court
Southern District of Texas
**ENTERED**
September 02, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | MAG. JUDGE ACTION NO. 2:21-MJ-01079 |
| § | |
| CARLOS JAVIER ACOSTA § | |

## MEMORANDUM OPINION AND ORDER OF DETENTION PENDING TRIAL

A detention hearing has been held in accordance with the Bail Reform Act, 18 U.S.C. § 3142(f). The Court heard testimony from government witness Homeland Security Investigations Special Agent Jesse Riley and from defense witness Eli Acosta. The following requires detention of the defendant pending trial in this case:

(1) There is probable cause to believe the defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 841(b)(1)(A); and

(2) The defendant has not rebutted the presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

The evidence against the defendant meets the probable cause standard. The defendant is charged with a serious offense involving a significant amount of methamphetamine; has a significant drug abuse problem; has a history of poor compliance with Court supervision; a search of his residence uncovered multiple types of serious

controlled substances for distribution and $97,000.00 in U.S. Currency (marijuana, heroin, methamphetamine, cocaine, and crack cocaine); he appears to be involved in money laundering activities as evidenced by drug ledgers, tax information, and currency found during the warrant; he denies travel to Mexico but the agent testified to the contrary; and Defendant is associated with La Cuarenta felon gang members who were found to be with weapons during the execution of search warrant. He is a poor candidate for bond.  The findings and conclusions of the U.S. Pretrial Services Report are adopted by the Court.

The defendant is committed to the custody of the United States Marshal or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

ORDERED on September 2, 2021.

_____
Julie K. Hampton
United States Magistrate Judge